The fourth district appellate court of the state of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning, everyone. Our first case, in fact, this is the only case we have this morning, is case number 4-2-2-0-6-0-4, People v. Randolph. Would counsel for the appellant please identify yourself for the record? Good morning, Your Honors. My name is Carl Mundt. I'm with the Office of the State Appellate Defender on behalf of Appellant Jason Randolph. Okay, thank you. And counsel for the appellate, would you please state your name for the record? Timothy Londrigan, attorney for the State Appellate Prosecutor's Office. Thank you. Mr. Mundt, you may begin with your argument. May it please the court. Counsel, Your Honors, we're here today because Jason Randolph was denied a fair trial. Specifically, he was denied a fair trial by his defense attorney in two different ways. First, she operated under a per se conflict of interest, where she had previously prosecuted Mr. Randolph, and then that conviction was used as evidence in this case. Secondly, defense counsel provided ineffective assistance of counsel where she failed to investigate Mr. Randolph's alibi witnesses. Regarding the conflict issue, during the post-trial proceedings in this case, defense counsel Ann Stevens acknowledged that she had previously worked in the Winnebago County State Attorney's Office and was a prosecutor in the drug court. And during the time she was in drug court, several of Mr. Randolph's cases were transferred to drug court for a period of a few months. Ultimately, those cases were transferred back out of drug court. Counsel, I want to stop you there. I'm not real familiar with drug court. Back when I was a public defender state's attorney, we didn't have that. So here's my question. The particular crime here which you're concerned about that was used as substantive evidence, was your client at the time that he was in drug court already convicted? Or was that the conviction held in abeyance until such time as it was determined whether he was going to be able to successfully complete drug court? I guess I don't know the exact specifics of the timing of that or a little unclear for the record. It was my understanding that he had been sentenced to could be mistaken about that. I'm not, I don't recall exactly. Well, just to follow up that if he was on probation, he would have already been convicted at the time that he was actually enrolled in the drug court, right? I mean, he had to have been convicted, correct? Yes. Yeah, which is why that doesn't sound right. But like I said, the record was a little unclear since he had several cases that were transferred to drug court at the same time. I don't recall the exact posture of each one of them. Well, I guess to get right down to it and more specifically, was there anything that his defense counsel, former prosecutor did during drug court, which actually caused the conviction to be entered against him? That's really what I question. Did she cause a conviction against him? I don't know exactly what that means, but she certainly participated, personally participated in the prosecution of him. She as the trial court pointed out, she appeared on 14 different occasions. Well, I hate to interrupt you, but that seems inconsistent with what you said a minute ago. If he was on probation, had already been convicted when he went into the drug court, then she would not, his attorney would not have actually participated in getting the conviction entered against him, right? She participated in prosecuting him. I would argue, your honor, if someone's on probation and that probation is revoked and they get resentenced, they're resentenced on the original offense, not the probation application. So in that circumstance, if his probation was then revoked, which I believe it was, then his conviction was not final at that time because his sentence was not final at that time. Mr. Mundt, may I interrupt you and just follow up on what Justice Turner was asking you. At page five of your reply brief, you wrote this, quote, in this case, Stevens as defense attorney had to argue against the admission of a conviction that she personally participated in obtaining as a prosecutor. Is that accurate or inaccurate? I believe it is accurate, your honor, in that she appeared on behalf of the state in criminal court proceedings. Yes, it's drug court, but drug court is still a part of criminal court. It was a criminal, they're criminal proceedings, even though they're defense attorney, there's a judge, it's court. And specifically in this case, the more I think about it, I'm not sure about my statement earlier that it was on probation because the judge mentioned that Ms. Stevens participated in a 402 conference in this case while it was still in drug court. So that wouldn't happen if he was already on probation, seemingly. So counsel, let me, let me jump in instead of sort of speculating what occurred. If you don't have a clear memory, you don't seem to find a distinction whether or not the convictions occurred or not, as the individual is still subject to a revocation, loss of liberty, things of that nature. Is that right? Yes. And if you look at Lawson and Kester, the Supreme Court points out, we don't really look to exactly what counsel did. There's not a sort of de minimis exception to this. We don't look at the details of how many motions counsel filed, how many of those things. The bottom line is she appeared on behalf of the state as a prosecutor in Mr. Randolph's case. And that conviction, that case that she prosecuted him in was used against him in this case where she was defending him. That's exactly the situation that Kester sought to avoid. Well, the situation in Kester didn't involve two different cases though, correct? No, in that particular case, it was the exact same criminal proceeding. However, in Kester, the Supreme Court said that one of the reasons for adopting the pro se conflict, excuse me, pro se conflict rule is that you could end up in a situation where the advice of defense counsel is affected by a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution, which he may have personally been involved with. And that's exactly what we have here. And Stephen- And Mr. Muntz, it wasn't so vague as, you know, the things that the decision to prosecute the investigation of the case leading to the filing of charges and then obtaining the conviction. In this case, just in terms of participation as a prosecutor in drug court, what can your client claim to have been the adverse effect along the lines of what Kester was conflict of interest decision? What would be the arguable adverse effect by the prosecutor here having participated in the drug court proceedings? Well, it's exactly that quote from Kester that I just referred to. In this case, she personally participated in securing the conviction against Mr. Randolph. Well, let's stop right there. I thought I had asked previously whether the statement that you wrote was accurate or inaccurate, that she personally participated in obtaining the conviction. And I thought you said you don't know that. I'm sorry, I guess I'm I think we might be having a different idea of what obtaining the conviction means. I meant it in a more general sense of he appeared on behalf of the state of Illinois and took actions against Mr. Randolph that are the kinds of actions a prosecutor takes. I don't think it's a gray area, counsel, excuse me for interrupting, but participating in obtaining a conviction means, as I would understand it, participating in the proceedings prior to the time that the conviction is obtained. And are you saying that the prosecutor here did that or did not do that? I believe she did. Again, I apologize for not being clear, but it's my recollection that the record was not 100 percent clear on the status of this case when it was in and out of drug court. As I said, there were several convictions, so they sort of often referred to them as a group. But aside from that, when she was the prosecutor for the state in drug court, she made a motion to have Mr. Randolph's cases removed from drug court. She took adverse action against Mr. Randolph in this case as a prosecutor. And going back to Kester and Lawson, the Supreme Court said we don't really look at how involved the prosecutor was. It's the mere fact that they acted in the same criminal proceeding on behalf of one side and behalf of the other side. And the way we have that in this case is he participated in the conviction in 17 CF 519. Now, as defense attorney, she was charged with arguing against the admission of that conviction that she had been part of the team that obtained that conviction. And when the trial allowed the state's motion to use this as propensity evidence, she was then put in the position of arguing against evidence that she had helped secure the conviction for. That's precisely the conflict that Kester was seeking to avoid. And we acknowledge that... Okay, counsel, it seems to me you're saying one thing one minute and then you kind of contradict what you said the next minute. Let me come from a different angle. You said that she moved for his removal from drug court and was successful in having him removed from drug court. What was the consequence of that? Um, those cases were then sent back to traditional criminal court and proceedings were held. And I believe it was after... What kind of proceedings? That's what I'm trying to figure out. Have he's already been convicted, just sent back for sentencing? Is that... I don't... I need to walk back what I said at the beginning. I'm not confident in my statement that he was on probation at the time. I said, I thought, but I'm not sure. And the more I think about it, that doesn't make sense based on the procedure that exactly as you're talking about. It wouldn't make sense for his court, his case to be in and out of drug court if he had already been convicted. So I apologize. I am not confident in my previous statement that he had been sentenced to probation at that time. Well, let me ask you this. And it seems to me that the record's unclear on some of the questions that I've asked and Justice Harris has asked as well. And it is your burden to give us a complete record, is it not? It is, Your Honor. And I guess I would respectfully disagree. I think the record is sufficient to address the legal issue we have in this case. In Tester and Lawson, admittedly, in those cases, it was exactly the same case. And the court in that case had no hesitation saying, in that situation, it's a per se conflict. On the other side, if we look at cases such as Alexander and Franklin, there, it was a wholly unrelated case that had been prosecuted years earlier that had nothing to do with the current case. Our position is this one is in those two cases, but it's more like Lawson and Tester, because in this case, the previous conviction for which Anne Stevens prosecuted him for is not wholly unrelated to this case. It was used as substantive evidence in this case. And it's our position that's what creates the conflict in this case. That's what makes this case more like Lawson and Tester, is that they used the conviction that she participated in obtaining against him in the case that she was defending. That's what gives rise to the conflict in this case. The exact extent of her participation in drug court is not important in this case. It's important that she personally participated in prosecuting him, which she undoubtedly did. If there are no questions, no additional questions as to that issue, I'd like to briefly discuss the second issue. And in the second issue, counsel provided ineffective assistance of counsel where she failed to investigate the alibi witnesses. In this case, counsel admitted that she failed to interview the alibi witnesses. Now, she claimed it was based on strategy. However, the case law, including Strickland itself, makes clear you cannot make a strategic decision to not call witnesses if you do not investigate those witnesses. So in this case, it was when Anne Stevens decided not to proceed with an alibi, even though she did not even talk to the alibi witnesses. That is unreasonable performance. And in this case, that caused prejudice to Mr. Randolph in two ways. One, he did not have his alibi witnesses at trial because she didn't investigate them and call them. And two, he was also prejudiced. Mr. Randolph was unable to present this claim fully to the trial court because he, over time, at the beginning of the trial, he asked Ms. Stevens to contact them. However, when Ms. Stevens did not contact them at time and years later down the road after trial, when this claim came up, Mr. Randolph was no longer able to get a hold of those witnesses. So he could not bring them in to testify at the post-trial motion hearing. That is the fault of defense counsel. Had she investigated these witnesses years ago, when she was asking about defense counsel, we would have statements. We would know what these witnesses would have testified to such that this claim of ineffectiveness based on not calling them could be resolved because we would know what the witnesses testified to. So in this case where the trial court dismissed the claim based on prejudice because Mr. Randolph did not produce the witnesses to testify about how they would have testified at trial. But that is squarely the fault of Anne or statements from those witnesses when she was asked two years ago. Mr. Munch, may I ask you in regards to this issue, in your briefing, you indicate that the two signed witness statements, People's Exhibits 1 and 2, were unreliable. That there was no having been any citation to authority in support of the statement that would make them unreliable and by implication that it was error for the trial court to have considered them. Do you know, is there any authority supporting that statement? I guess specifically, I don't know. The point I was making with this was that the state referred to it as, you know, the statement of Mike, whatever. But we don't actually, we don't know that. Like there wasn't enough testimony around these statements to sufficiently establish what they are, who said them, all that. That was merely the point I was trying to make, your honor, was that these pieces of paper that the state referred to do not completely defeat Mr. Randolph's claim the way that the state argued they did in their brief. Well, to be clear, I'd like to know your position here. Are you suggesting that it was error for the trial court to have considered either of these statements at all? Or just simply, are you suggesting that the fact that they weren't sworn to affects the weight that the trial court should have attached? At this stage of proceedings, your honor, my argument was going more to the weight of those statements and how this court viewed the prejudice against Mr. Randolph. Okay, thank you. If there are no further questions, your honor, we ask that you, that this court reverse Mr. Randolph's convictions and remand for a new trial. Thank you. Okay, thank you, Mr. Mundt. I see no further questions. You will have rebuttal, Mr. Lonergan. You may proceed. Thank you, your honors. May it please the court. Good morning, counsel. The issue of a per se conflict is quite a serious form of relief. And this case makes a good example of that. Here, the defendant's asking for a complete redo of his trial and sentence years after both have taken place without establishing any prejudice whatsoever in the alleged error was even brought to the attention of the trial court prior to the sentencing. So the law, I think, is fairly clear on this issue and it is limited in its scope. And the state would urge this court not to expand upon that rule's application. Currently, we do not feel that this rule does apply to these particular set of facts for several reasons. First is, under no set of circumstances that I have found, does the court apply a per se conflict where the prosecutor has not contemporaneously or immediately prior to representing the defendant represented the state in the same proceeding. All of the cases, both Watson and Kester cited by defendant, were in instances where the defense counsel, when they were present in the state's attorney's office, actually prosecuted the defendant for the same offense. That clearly is not present here. And when I use the term prosecute, I believe the term is more appropriately applied where the state is attempting to achieve a conviction or sentence against the defendant. And I too, Judge Harris, have that line underlined in my comments here on page five of the defendant's response brief, in which the defendant argues that Ms. Stevens was personally responsible for obtaining a conviction that she personally participated in. I don't believe that she did. I'm not too familiar with drug court itself, Justice Turner, but it's my understanding that this defendant petitioned to be allowed into drug court after being convicted and sentenced of several offenses. I believe he was already serving a sentence of some time. I believe he was incarcerated at the time, if my recollection of the memory is correct. I do recall that the very good job of reviewing the history of this case as it applied to Ms. Stevens' past representation of the defendant. And I think that can be found on pages 990 through 994. And so the trial judge was perfectly aware of Ms. Stevens' prior participation and found no problem in that prior participation, and specifically found the prior case law did not apply to these set of facts to create a per se violation. So I don't believe that we have prosecution because drug court does not prosecute. It acts, I would argue, in the sense of a probation officer, you know, seeing whether or not this defendant has met the requirements that the court has imposed upon it. And if he fails to do so, then I suppose you could bring to the that there's reason to withdraw him from drug court and allow the trial court to make that decision. Here, the 14 appearances noted by the trial court were all just, there were no actual proceedings, I gather. I think the court referred to them as status hearings, at which no particular action was taken. I suppose there was no reason to take any action as the defendant maintained appropriate status in drug court, only when it was brought to the court or the state's attention and that this defendant committed the crime that was used in aggravation against, I can't remember the young lady's name, but there was an aggravated assault involving this young lady and that was used in the case at issue to establish propensity. That case was only used as a basis to withdraw his participation from drug court, so I think Ms. Stevens made an oral motion. She never filed anything in writing, never did anything to secure a conviction in any case, even the one used in aggravation. She had nothing to do with that reason for the defendant, particularly in a case like this, to do anything prior to his conviction and sentence. He can simply sit back and allow the proceedings to continue and then pull this rabbit out of his hat at, you know, years later down the proceedings if he doesn't like the results of his trial or his sentence and he can claim a per se violation. This defendant was perfectly aware that Ms. Stevens represented the state in drug court. He brought it out before the trial court. Ms. Stevens said she had a conversation with the defendant about this and he voiced no objection. Further, she had a conversation with the head public defender as well as the assistant public defender and they had no problem with her representation. So the state is simply concerned that the application of a per se conflict, which is really concerned only with appearances, you know, we're not talking about actual prejudice, we're talking about the appearance of a conflict, the appearance of impropriety. And so we've cautioned the court not to expand upon present case law, which does not allow for findings of a per se violation under these that counsel should have investigated and called these witnesses that defendant now categorizes alibi witnesses, although there's no evidence submitted to suggest that they offered any alibi whatsoever. It's pure speculation and conjecture as to what these witnesses may have testified if called. Ms. Stevens testified before the trial court that she was aware of these witnesses. It was her professional decision not to call them. Generally, questions about what witnesses to call, what evidence to present is a matter of trial strategy. And Ms. Stevens said she applied that strategy and decided not to call them out of concerns for drug-related activities. Finally, there's no showing prejudice. The defendant here, as noted by the trial court, has not presented these witnesses. The only evidence we have of what their testimony might have been does not support the defendant's position. Both examples, I think, or states, I don't know if they were a state exhibit or one exhibit, one and two, that was brought forward mentioned by Judge Harris. Neither one of those support an alibi testimony. And it is not the and presented before the trial court at the hearing on this matter. There's no evidence whatsoever of that, I might note as well. So, unless there's questions from the bench, we have nothing further. The state rests. Okay, I see no questions, Mr. Londergan. Mr. Mundt, do you have any rebuttal? Just a couple of brief points, Your Honors. Okay. Regarding the conflict issue, it seems that the state's main argument is that drug court doesn't count as prosecution. And we strongly disagree. The state has not cited to a single case that says that. And the reasons explained earlier, we believe this factual situation is more akin to Kessler and Lawson than it is Franklin and Alexander. This court should hold that being a prosecutor in drug court is sufficient to bring a conflict. In addition, the state also mentioned that per se conflicts are about the appearance of impropriety. We agree wholeheartedly and we agree that's exactly why this case is a good example of a per se conflict. Ann Stevens was put in that situation of arguing against the admission of a conviction that she participated in obtaining and then later had to argue against the evidence of that conviction, again, that she had participated in obtaining, in part. So, counsel was in the position of she had obtained a conviction, now had to argue against its admission, but then later had to argue against the evidence of that conviction that she had procured. So, her loyalties to her, the convictions she participated in and Mr. Randolph were split at that point. And it's exactly the kind of conflict that Kessler was seeking to avoid. Briefly on the ineffectiveness- Counsel, before we move on, let's dial down on this issue still. You seem to be avoiding the fact that Kessler and the other case law, Franklin, the prosecution was in the same case for which the defense counsel was representing the defendant. From everything I've seen in the record and heard here today, you've got a prosecutor assigned to sanction for some bad activity, which the defendant had agreed to serve a sanction as part of the agreement to come into drug court. So, what I'm getting to is best case scenario, the most prosecutorial action taken by this Ms. Stevens when she was a prosecutor was an oral motion to revoke the defendant's bond and then later some type of whatever this county's procedure for discharging the defendant from drug court. That's the most prosecutorial action she took. So, what I'm leading up to is that then the defendant was ushered out of drug court and taken back to normal probation revocation proceedings. So, best case scenario, motion to revoke and discharge from drug court. How is that the same as a normal prosecution to procure a conviction? Your Honor, it doesn't have to be the same. If we look at the language of the Supreme Court, in fields, the Supreme Court said it's a conflict of interest when defense counsel personally participated in the prosecution of the defendant. In the same manner. In the same manner. It does not say that in fields, respectfully, Your Honor. Fields does not say in the same manner. In Alexander, this court adopted that because in, as we suggest in Weston, Kester and Lawson, it was the same case. But again, I feel that you're parsing the authority from these cases. Alexander says involved as the prosecutor in a case in which the defendant was on trial. It's the same case. Yes, I understand. In those cases, it was the same case. So, it undoubtedly would be in those cases. But also in Lawson and Kester, the Supreme Court cautioned us against having to decide how much prosecution is enough prosecution. In one of them, the prosecutor only participated in arraignment and a discovery motion. And they said that was enough prosecution. That is. But I guess the nature of drug court is what's concerning me. This is a probation, you know, probation for the benefit of the defendant, probably avoided prison time, agreed to sanctions, may have had some sanctions, those 14 appearances may not have. But in the end, the revocation procedure was simply to kick him out of drug court, send him back to the trial sentencing trial judge and deal with the case so that I don't know what it's a different case. And this prosecutor who is now now is a defense attorney. What more that person do to actually do anything to subject him to loss of liberty? Again, the focus is not on how much contact the prosecutor had with the case, how prosecutorial they were. That's not the focus. I see my time is up. May I finish answering your question? Yes. Thank you. In those cases, it's about the appearance of impropriety, as the state said. Here we have someone who prosecuted him in a case is now defending him in a different case, and they want to bring in evidence of that case in which she was a prosecutor. That that gives rise to the concerns in Kessler and the appearance of impropriety. And for that and the reasons discussed, we would ask you to find this is a per se conflict of interest and to reverse Mr. Randolph's convictions and remand for a new trial. Thank you, Your Honor. Justice Kavanaugh, did you have any further question before we adjourn? No, thank you. I'm satisfied. Very well. Thanks to both of you for your arguments. The case is submitted and the court now stands in recess.